UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT A. BROOKS, | ) |
| Plaintiff, | ) Case No.: C08-526 CRD |
| v. | ) |
| MICHAEL J. ASTRUE, | ) ORDER RE: SOCIAL SECURITY |
| Commissioner of Social Security, | ) DISABILITY APPEAL |
| Defendant. | ) |

Plaintiff Scott Brooks appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied his applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C sections 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS the case for further proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a forty-seven year-old man, forty-four years old at the alleged disability onset date. Plaintiff has a high school equivalent education and work experience as a fast food worker and office panel assembler.

Plaintiff applied for SSI and DIB in June 2006, alleging disability since December 2005 due to bipolar disorder, schizophrenia, and depression. His claim was denied initially and upon

ORDER - 1

reconsideration, and he timely requested an ALJ hearing. A hearing was held before ALJ Bauer on June 28, 2007. The ALJ heard testimony from a vocational expert and Plaintiff, who was represented by counsel, William G. Long, Esq. Administrative Record ("AR") at 564-604. The ALJ rendered an unfavorable decision on July 25, 2007, finding Plaintiff not disabled. Plaintiff requested review by the Appeals Counsel and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On April, 24 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Mr. Brooks bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is

expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR at 17, Finding 2. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, the ALJ found Plaintiff has the severe impairment of "psychosis not otherwise specified." AR 18, Finding 3. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id*. In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairments. AR at 20, Finding 4.

---

[1]Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case found Plaintiff has no exertional limitations and that he can perform simple and routine tasks that do not require more than occasional interaction with co-workers or the general public. AR 21, Finding 5.

The ALJ next found that Plaintiff is unable to perform his past relevant work as a fast food worker or office panel assembler. AR 24, Finding 6. If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded. In this case, the ALJ found that Plaintiff's ability to perform at all exertional levels is compromised by nonexertional limitations. AR at 25. Based on vocational expert testimony, the ALJ found Plaintiff could work at jobs such as commercial cleaner/janitor and landscape laborer. *Id.* The ALJ therefore concluded Plaintiff was not disabled as defined in the SSA. AR 26.

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Did the ALJ err in failing to discuss Dr. Snyder's opinion?
2. Did the ALJ err in assessing Dr. Eisenhauer's opinion?

Dkt. No. 13.

///

///

///

ORDER - 4

## VI. DISCUSSION

*A.  The ALJ erred in failing to discuss Dr. Snyder's opinion.*

On balance, the ALJ's written decision provides a thorough analysis and reaches a well-reasoned conclusion.  However, because the ALJ excluded the opinion of one examining doctor, this case must be remanded.  The Court cannot find the error harmless because it is unknown whether the ALJ considered the physician's opinion, and it is unknown whether and to what degree the ALJ discredited the physician's opinion.  The decision is not based upon all relevant evidence; for this sole reason, the case is remanded.

In April 2007, Dr. Snyder examined Plaintiff and performed a psychiatric evaluation.  AR 1054-57.  Dr. Snyder concluded that Plaintiff has a schizoaffective disorder, depressed type, polysubstance dependence in full remission, antisocial personality disorder, and a Global Assessment Functioning ("GAF") score of 45.  *Id.* at 1057.  The ALJ did not address Dr. Snyder's examination or any of these findings in the written decision.  AR 15-26.

To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence.  *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.1995); *Magallanes*, 881 F.2d at 751-55.  If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.  *Id.*  The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof and making findings.  *Magallanes*, 881 F.2d at 751 (internal citations omitted).  The rejection of an opinion of a treating physician based in part on the testimony of a nontreating, nonexamining medical advisor may be upheld.  *Morgan v. Commissioner*, 169 F.3d 595, 602 (9th Cir. 1999), citing *Magallanes*, 881 F.2d at 751-55; *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).

Plaintiff asserts that the ALJ committed reversible error by failing to address Dr. Snyder's diagnoses and GAF score.  Plaintiff argues that the *Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994) provides that a GAF score of 45 is a low score that indicates serious symptoms and an inability to sustain employment, and contends that if the ALJ had

adopted the opinion, he necessarily would have found plaintiff disabled. Defendant argues that the error is harmless, arguing the ALJ does not need to specifically discuss Dr. Snyder's opinion because the ALJ's residual functional capacity finding included more limitations than Dr. Snyder opined.

The law is that an ALJ may only reject an examining physician's opinion by providing specific and legitimate reasons that are supported by substantial evidence. *Magallanes*, 881 F.2d at 751-55. Here, the ALJ did not address Dr. Snyder's opinion in any manner. Therefore, the Court is unable to conclude that the ALJ's rejection (if it was indeed considered and rejected) is based on substantial evidence, thus, the decision is in error. On remand, the ALJ shall provide an explanation of the weight assigned to all physician's opinions, whether treating, examining, or nonexamining sources.

    *B.    The ALJ did not err in assessing the opinion of Plaintiff's consulting doctor.*

Plaintiff asserts that the ALJ erred because he failed to give adequate weight to his consulting doctor, Dr. Eisenhauer, who found Plaintiff "moderately limited" in eight check-box categories of functioning dealing with concentration/persistence, social interaction, and adaptation in the work place. AR 727-28. Plaintiff argues that other than his difficulty working with coworkers or the public, the ALJ ignored all such "moderately limited" findings and failed to include them in the residual functional capacity determination.

The record does not support Plaintiff's argument. The ALJ discussed in detail Dr. Eisenhauer's opinion, noting, "Dr. Eisenhauer and Dr. Harrison opined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace." AR 21. The ALJ further found that,

> [Dr. Eisenhauer] concluded that the claimant was able to understand and remember simple and detailed tasks. She concluded that ongoing paranoid thoughts and reduced stress tolerance would limit sustained concentration, pace and persistence during acute periods, but that the claimant could perform at a consistent pace and complete a normal workweek the majority of the time. Dr. Eisenhauer concluded that the claimant had some paranoid ideation that limited his ability to interact comfortably with others. She indicated that the claimant could engage in tasks that were more independent in nature. Dr. Eisenhauer reported that the claimant would benefit from a predictable work environment,

ORDER - 6

which would reduce stress for him (Exhibit 5F). State agency medical consultant Kristine Harrison, Psy.D., subsequently reviewed the evidence and concurred with Dr. Eisenhauer's findings (Exhibit 11F).

AR 24.

Plaintiff's assertion that the ALJ ignored Dr. Eisenhauer's opinion and excluded it from the residual functional capacity assessment is unfounded. The ALJ found Dr. Eisenhauer's opinion persuasive and accorded it "significant weight." *Id.* Indeed, the residual functional capacity determination reflects Dr. Eisenhauer's opinion: Plaintiff is limited to performing simple, routine tasks that do not require more than occasional interaction with coworkers or the general public, citing as examples work as a commercial cleaner or a landscape laborer. AR 21. Accordingly, the ALJ's findings in this regard were based on substantial evidence in the record and are therefore not in error.

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED for further administrative proceedings pursuant to 42 U.S.C. § 405(g).

DATED this 2nd day of October, 2008.

_____
Carolyn R. Dimmick
United States District Judge